IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LOUIS MARTIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| **CITY OF CHICAGO,** | ) | |
| a municipal corporation, | ) | |
| **OFFICER JOLLIFF-BLAKE,** | ) | |
| Star Number 11158, | ) | |
| **OFFICER RICKEY,** | ) | |
| Star Number 12201, | ) | |
| **SGT. VANEK,** | ) | |
| Star Number 1426, | ) | |
| Chicago Police Officers. | ) | |

## COMPLAINT

Now comes the Plaintiff, LOUIS MARTIN, by and through his attorneys, DVORAK LAW OFFICES, LLC, and complains against Defendants CITY OF CHICAGO, OFFICER JOLLIFF-BLAKE, OFFICER RICKEY, and SGT. VANEK, stating the following:

## Jurisdiction and Venue:

1. The incident occurred on or about August 31, 2017, in Cook County, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this judicial district and all underlying events pertaining to the claims occurred within this District.

**Parties:**

4. Plaintiff Louis Martin is a resident of the City of Chicago, located in Cook County, Illinois.

5. Defendant City of Chicago is a municipal corporation located in Cook County, Illinois and at all times relevant to this complaint was the employer of Defendant Officers Jolliff-Blake and Rickey, and Sergeant Vanek.

**Facts:**

6. The Plaintiff was incarcerated from May 11, 2016 to April 24, 2017 on a matter that is not the subject of the false arrest allegations in this matter.

7. Thus, the Plaintiff did not sell drugs to an undercover officer on the 5600 block of North Sheridan in the City of Chicago on March 21, 2017, as claimed by the Defendant Officers in sworn reports and testimony.

8. On August 31, 2017 Chicago Police Officers, including Defendant Officer Rickey, arrested the Plaintiff and placed him in handcuffs as he exited his vehicle in front of his home.

9. On September 22, 2017, a special grand jury was convened.

10. Defendant Officer Rickey testified to the grand jury that on March 21, 2017 the Plaintiff had sold three knotted bags of suspect cocaine in the vicinity of a

church in the 5600 block of North Sheridan to an undercover officer,

Defendant Officer Jolliff-Blake, for $60 in marked money.

11. Based on the false testimony provided Defendant Officer Rickey, the grand jury returned a true bill against the Plaintiff.

12. The Plaintiff was subsequently arraigned on October 16, 2017 and was charged with two counts of delivery of narcotics.

13. These offenses were alleged to have occurred on March 21, 2017.

14. The Plaintiff had been incarcerated in Cook County Department of Corrections on March 21, 2017.

15. On November 14, 2017 the case was dismissed after the prosecution moved to dismiss the case *nolle prosequi*, in a manner consistent with the innocence of the Plaintiff.

16. The Plaintiff was in continual custody from the time of his arrest in August until the date of dismissal in November, approximately two and a half months.

17. Defendants Rickey and Jolliff-Blake arrested and/or caused the Plaintiff to be arrested, and all the Defendants caused the Plaintiff to continue to be arrested and to be maliciously prosecuted.

18. Defendants Rickey and Jolliff-Blake knowingly submitted false reports and/or knowingly made false identifications of the Plaintiff as the person involved in the March 21, 2017 undercover drug deal, knowing this would eventually lead to the Plaintiff's arrest and prosecution.

19. Defendant Rickey further knowingly gave false testimony to the grand jury that the Plaintiff was involved in the March 21, 2017 drug deal.

20. Defendant Vanek was a supervisor of Defendants Rickey and Jolliff-Blake and other Chicago Police Officers involved in the arrest and prosecution of the Plaintiff and approved of, condoned, and/or turned a blind eye to the false arrest and malicious prosecution of the Plaintiff.

21. Defendant Vanek was aware that there was no probable cause for the arrest and prosecution of the Plaintiff, yet Defendant Vanek allowed the Plaintiff to be falsely arrested and maliciously prosecuted anyway.

22. As a result of the Defendants' actions, the Plaintiff experienced injuries, including but not limited to, loss of liberty and emotional, physical and pecuniary damages.

## COUNT I
## § 1983 FALSE ARREST
## MARTIN v. JOLLIFF-BLAKE, RICKEY, and VANEK

23. Each of the previous paragraphs is fully reinstated here.

24. As described above, the individual Defendant Officers, without legal justification, caused the Plaintiff to be arrested and/or caused the continuation of the false arrest, without probable cause or any other legal justification.

25. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

26. The above actions denied the Plaintiff of his Fourth Amendment right to be free from unlawful searches and seizures.

## COUNT II
## § 1983 UNLAWFUL PRE-TRIAL DETAINMENT
## MARTIN v. JOLLIFF-BLAKE, RICKEY, and VANEK

27. Each of the previous paragraphs is fully reinstated here.

28. As described above, Defendant Officers, acting without probable cause or legal justification, caused Plaintiff to be unlawfully detained and put in pre-trial detention.

29. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

30. The above actions denied the Plaintiff of his Fourth Amendment right to be free from unlawful searches and seizures.

## COUNT III
## STATE LAW CLAIM
## MALICIOUS PROSECUTION
## MARTIN v. CITY OF CHICAGO

31. Each of the previous paragraphs is fully reinstated here.

32. As described above, Chicago Police Officers, including but not limited to the Defendant Officers, employees of the Defendant City of Chicago, acting without probable cause or legal justification, acting in the course and scope of their employment with the Defendant City, caused the Plaintiff to be maliciously prosecuted in the Circuit Court Cook County.

33. The City of Chicago is liable based on the theory of *respondeat superior*.

34. There was no probable cause for this prosecution.

35. The charges were dismissed against the Plaintiff in a manner consistent with the innocence of the Plaintiff.

36. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

**COUNT IV**
**STATE LAW CLAIM**
**INDEMNIFICATION**
**MARTIN v. CITY OF CHICAGO**

37. Each paragraph of this Complaint is fully restated herein.

38. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

39. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendants described herein who took their actions while under color of law and in the course and scope of their employment with the City of Chicago.

40. Thus, the Plaintiff seeks indemnification from the City of Chicago for any judgment obtained against the Defendant Officers.

**<u>Request for Relief</u>**

The Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and

costs against all Defendants, award punitive damages against the Defendant

Officers, and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak, One of the
Attorneys for the Plaintiff.

Richard Dvorak
Mariam Hai
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190
richard.dvorak@civilrightsdefenders.com
mariam.hai@civilrightsdefenders.com